Argued and submitted May 7, 1987, at Pendleton, Oregon, reversed and remanded
July 29, 1987

BOYD et ux,
*Respondents,*

*v.*

QUICK,
*Third Party Plaintiff - Appellant.*

(CV 85-891; CA A38536)

740 P2d 212

Harold A. Fabre, Pendleton, argued the cause and filed the brief for third party plaintiff - appellant.

Joel S. DeVore, Pendleton, argued the cause for respondents. With him on the brief was Mautz, Hallman & DeVore, Pendleton.

Before Joseph, Chief Judge, and Richardson and Warren, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Plaintiffs brought this action for declaratory and injunctive relief, contending that, under an easement for "electrical facilities" which was reserved by defendant Quick's (defendant) grantor and of which plaintiffs are the assignees, they are entitled to construct parts of a hydroelectric power generating facility and a diversion weir on defendant's property. The trial court allowed plaintiffs' motion for summary judgment, and defendant appeals from the resulting judgment.

In 1962, third party defendant PacifiCorp (then Pacific Power & Light Company) conveyed the property in question to defendant and her husband, now deceased. The deed recited that the property was "no longer used or useful to [the grantor] in its activities as an electric utility." However, the grantor reserved to itself,

> "its successors and assigns, a right of way or easement for any and all electrical facilities now installed or which may here-after be installed or constructed by Grantor, its successors or assigns, upon, over, under, through and across [the conveyed] real property * * *."

The substantive and procedural issues which the parties raise on appeal are numerous, varied and, in some instances, complex. In our view, however, two of the simpler issues are dispositive: whether the reservation in the deed is ambiguous and, if so, whether there was conflicting evidence in the summary judgment proceeding concerning its intended meaning. We conclude that the answer to both questions is yes, and so we reverse.

Plaintiffs take the view that the phrase "any and all electrical facilities" in the deed is straightforward and includes their proposed facility by definition. They argue that defendant's narrower understanding presents "nothing more than a contradiction and assault on the plain meaning of the words contained in the easement" and violates the Parol Evidence Rule. Defendant argues that the phrase is ambiguous, especially when read in the light of the deed's recital that the property was no longer used or useful to the grantor for electric utility purposes, and that evidence of the intent of the parties to the deed was admissible to resolve the ambiguity. Defendant contends further that her affidavit in opposition to

plaintiffs' motion presented a question of fact as to whether the reservation was intended to encompass a generating facility or was limited to less intrusive uses.[1] We agree with defendant.

The term "electrical facilities" is susceptible to different understandings in different contexts. Plaintiffs agree that their understanding of the term is broad, but their attorney noted at oral argument that breadth does not necessarily create ambiguity. Although that is correct as an abstraction, it is also correct that narrowly defined terms tend to have clearer meanings than general ones. Plaintiffs were not able to give an effective response to our question at oral argument whether their reading of the reservation would permit them to install a nuclear power plant on defendant's property (unless their intended answer was yes). We do not agree with plaintiff that the term was *necessarily* meant to cover all conceivable structures related to the generation or transmission of electricity. The term is facially ambiguous, and its meaning is rendered the more questionable by the grantor's recital in the same instrument that the property was not useful to it for electric utility purposes. The trial court erred by allowing the motion for summary judgment.[2]

Defendant contends that the trial court also erred in certain other respects. The matters raised by her other contentions are either implicitly answered by our reversal of the summary judgment or are for the trial court to resolve initially in the light of the proceedings on remand. *See* note 2, *supra*.

---

[1] We imply neither agreement nor disagreement with defendant's assertion that the language of the deed is compatible with her understanding that only the right to maintain and place underground transmission lines was reserved. All we need, and do, decide at this time is that there is a question of fact as to whether generating and ancillary facilities of the kind plaintiffs contemplate were intended to come within the reservation and that the language of the deed is ambiguous with respect to that question.

[2] We have noted previously that deciding declaratory judgment actions by summary judgment is, at best, a chancy method of assuring that the parties will receive the comprehensive declaration on all issues to which they are entitled and is generally a problematic approach to the resolution of declaratory judgment proceedings. *See Burks v. Lane County,* 72 Or App 257, 259-61, 695 P2d 1373 (1985); *see also Mason v. Windsor,* 86 Or App 596, 599, n 5, 740 P2d 214 (1987). We reiterate that point. Our decision is not based on it, however, but on the more basic rule that a summary judgment is not allowable when there is a genuine question of material fact.

Reversed and remanded.[3]

---

[3] Defendant does not appeal from, and our decision does not affect, the portion of the judgment for the third party defendant.